John A. McGuinn, Esq. (State Bar No. 036047)
jamcguinn@mhpsf.com
Jeannette A. Vaccaro, Esq. (State Bar No. 287129)
jvaccaro@mhpsf.com
McGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, California 94133
Telephone:  (415) 421-9292
Facsimile:   (415) 403-0202

Attorneys for Plaintiff
DANIELLE KESTERSON

WELTER LAW FIRM, P.C.
Eric A. Welter, Bar No. 270591
eaw@wetlerlaw.com
1141 Elden Street, Suite 220
Herndon, VA  20170
Telephone: (703) 435-8500
Facsimile: (703) 435-8851
Laura B. Thomasian, Bar No. 251502
lbt@welterlaw.com
Sean F. Daley, Bar No. 272493
sfd@wetlerlaw.com
2600 West Olive Avenue, Suite 527
Burbank, CA 91505
Telephone: (818) 333-5016
Facsimile: (818) 333-5017

Attorneys for Defendant
GUARANTEED RATE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIELLE KESTERSON,<br><br>Plaintiff,<br><br>v.<br><br>GUARANTEED RATE, INC.,<br><br>Defendant. | Case No. 15-cv-05430-EMC<br>e-filing case<br><br>**CORRECTED STIPULATION AND [PRO~~POS~~ED] ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT FOR DAMAGES (ADDING RETALIATION CLAIM UNDER CAL. LABOR CODE § 1102.5)** |

Plaintiff, Danielle Kesterson ("Plaintiff") and Defendant Guaranteed Rate, Inc. ("Defendant") (collectively "the parties"), by and through their respective attorneys of record, hereby stipulate to the following:

1. Plaintiff should be granted leave to file her Second Amended Complaint for Damages to add a claim for retaliation under Cal. Labor Code §1102.5, attached hereto as Exhibit A.

2. Defendant's responsive pleading shall be due twenty-one (21) days after the Second Amended Complaint for Damages is deemed filed.

3. This stipulation should not be construed as any admission by Defendant and/or prejudice Defendant's ability to challenge the sufficiency of the Second Amended Complaint for Damages.

DATED: March 24, 2016         WELTER LAW FIRM, P.C.
                              Attorneys for Defendant GUARANTEED RATE, INC.

                              By:    /s/ Laura B. Thomasian
                                     LAURA B. THOMASIAN

DATED: March 24, 2016         McGUINN, HILLSMAN & PALEFSKY
                              Attorneys for Plaintiff DANIELLE KESTERSON

                              By:    /s/ Jeannette A. Vaccaro
                                     JEANNETTE A. VACCARO

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

CORRECTED STIPULATION AND [PROPOSED] ORDER GRANTING PLAINTIFF LEAVE
TO FILE SECOND AMENDED COMPLAINT FOR DAMAGES                                  2

## ORDER

Pursuant to the stipulation of the parties and good cause being shown, IT IS HEREBY ORDERED THAT Plaintiff, DANIELLE KESTERSON is granted leave to file her Second Amended Complaint for Damages adding a claim for retaliation under Cal. Labor Code §1102.5, attached hereto as Exhibit A.

IT IS ALSO ORDERED that Defendant's responsive pleading shall be due twenty-one (21) days after the Second Amended Complaint for Damages is deemed filed.

IT IS FURTHER ORDERED that the Second Amended Complaint ~~for Damages~~ is deemed filed as of the date ~~this signed Order~~ is transmitted via the CM/ECF system.

IT IS SO ORDERED. Plaintiff shall file the amended complaint as a separate document.

Dated: __3/25__, 2016

_____
MAGISTRATE JUDGE EDWARD M. CHEN
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — Stamp: IT IS SO ORDERED AS MODIFIED — Judge Edward M. Chen]

McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

**EXHIBIT A**

John A. McGuinn, Esq. (State Bar No. 036047)
jamcguinn@mhpsf.com
Jeannette A. Vaccaro, Esq. (State Bar No. 287129)
jvaccaro@mhpsf.com
McGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue, Suite 100
San Francisco, California 94133
Telephone:  (415) 421-9292
Facsimile:  (415) 403-0202

Attorneys for Plaintiff
DANIELLE KESTERSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIELLE KESTERSON,<br><br>           Plaintiff,<br><br>v.<br><br>GUARANTEED RATE, INC.,<br><br>           Defendants. | CASE NO.:  15-CV-05430-EMC<br>e-filing case<br><br>**SECOND AMENDED COMPLAINT FOR UNLAWFUL FAILURE TO PAY WAGES; FAILURE TO PAY OVERTIME COMPENSATION; FAILURE TO PAY MEAL AND REST PERIOD COMPENSATION; FAILURE TO FURNISH ACCURATE WAGE STATEMENTS; FAILURE TO MAINTAIN PAYROLL RECORDS; FAILURE TO PAY WAGES UPON TERMINATION; WAITING TIME PENALTIES; RETALIATION; AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

PLAINTIFF DANIELLE KESTERSON COMPLAINS AND ALLEGES AS FOLLOWS:

                      I.      **JURISDICTION AND VENUE**

        1.      Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA") – 29 U.S.C. §§ 207, 216, the California Labor Code, and the California Business and Professions Code. This court has jurisdiction of the action pursuant to 28 U.S.C. § 1331, and over the state claims

SECOND AMENDED COMPLAINT FOR DAMAGES                                        1

1  pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367.

2. The acts and omissions alleged herein were committed in the Northern District of California.

## II.  THE PARTIES

3. At all times herein mentioned Plaintiff Danielle Kesterson ("Kesterson" or "Plaintiff") was a resident of the County of Sonoma, California.

4. Defendant Guaranteed Rate, Inc. ("GRI" or "Defendant") is a Delaware corporation doing business in California. GRI's principal place of business is in Chicago, Illinois.

## III.  ADMINISTRATIVE EXHAUSTION

5. Plaintiff timely filed this action after receiving a right to sue letter from the appropriate administrative agencies.

## IV.  FACTUAL ALLEGATIONS

6. On or about July 28, 2012, Plaintiff began working for Defendant as a Sales Assistant in GRI's Petaluma office. In her position, she assisted loan officer Jeremy Forcier. Her duties included assisting with marketing support, pre-application and post-closing client interactions and loan data entry. Her compensation included a base salary of $60,000 plus bonuses.

7. Kesterson was classified as a non-exempt salaried employee for purposes of California overtime and other wage and hour requirements.

8. Kesterson reported to Cory Carroll, Vice President and Area Manager for GRI.

9. During the first few months of Kesterson's employment, she was not provided any method to track the hours she worked. Instead, Carroll would manually submit each employee's hours. Although she often worked in excess of 8 hours per day and 40 hours per week, she was only paid for 40 hours of work.

10. In approximately Fall 2012, Carroll requested a telephone meeting with the San Rafael and Petaluma offices. During that meeting, Carroll advised the team that GRI's corporate office was "on him" about timecards and that everyone needed to start tracking their time in ADP's electronic timecard software. Carroll told the group that they needed to clock-in and clock-

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT FOR DAMAGES                                    2

out eight times a day to reflect that they had taken a 10-minute break in the morning, a 60-minute lunch break, and a 10-minute break in the afternoon, regardless of whether those breaks were actually taken.

11. Throughout Kesterson's employment she was not afforded the legally required rest or meal breaks.

12. After the meeting with Carroll, Kesterson did her best to clock-in and clock-out as instructed, but she was often too busy to even clock-in and clock-out. Kesterson, as well as others in the office, began setting alarms to advise them of when to clock-in and clock-out to give the appearance that they were afforded rest and meal breaks.

13. In late-Fall, Kesterson objected to and stopped falsely registering break periods and simply clocked-in when she arrived in the morning and clocked-out when she left the office in the evening. Kesterson rarely logged the hours of work she did from home in the evenings.

14. Thereafter, Carroll began manually changing Kesterson's timecard to reflect that breaks were taken and that she was only working 40 hours per week. Carroll also began retaliating against Kesterson for her complaints by changing the terms and conditions of her employment and subjecting her to specious discipline.

15. Kesterson rarely received overtime compensation, although Defendant was aware that Kesterson worked overtime on a daily basis. As such, GRI willfully and knowingly failed to pay premium overtime compensation to Kesterson for hours worked over eight in a day and 40 in a week.

16. Defendant did not provide Kesterson with accurate itemized statements with her payment of wages that showed, among other things, total hours worked.

17. On or about September 20, 2013, Kesterson's employment was involuntarily terminated.

### FIRST CAUSE OF ACTION
### Failure To Pay Earned Wages
### (Cal. Labor Code §§ 204, 206, 216, 218.5, 218.6)

18. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17 above, as though fully set forth herein.

19. Throughout Kesterson's employment Defendant failed and refused to pay her for all the wages that she earned as required by the Cal. Labor Code and other applicable laws and regulations.

20. At all times, Defendant had the ability to pay Plaintiff all wages due but willfully refused to pay Plaintiff her wages due.

21. Plaintiff has been deprived of her rightfully earned wages as a direct and proximate result of Defendant's failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs and applicable civil and statutory penalties.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### Failure To Pay Overtime Compensation
### (Cal. Labor Code §§ 510, 1194; I.W.C. Wage Order No. 4-2001)

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 above, as though fully set forth herein.

23. Defendant routinely required Plaintiff to work more than eight hours per day. Defendant routinely required Plaintiff to work six days per week. Defendant failed and refused to pay Plaintiff the overtime compensation required by the Cal. Labor Code and other applicable laws and regulations.

24. By its failure to pay overtime compensation to Plaintiff as alleged above, Defendant violated Cal. Labor Code § 510 and the provisions of the I.W.C. Wage Order No. 4-2001, which require payment of overtime compensation to non-exempt employees.

25. By failing to keep adequate time records as required by Cal. Labor Code § 1174(d) and the applicable Wage Order, Defendant made it difficult to calculate precisely the overtime compensation due to Plaintiff.

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT FOR DAMAGES                                        4

26.  Plaintiff has been deprived of her rightfully earned and legally required overtime compensation as a direct and proximate result of Defendant's failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

27.  Based on Defendant's conduct as alleged herein, Defendant is liable for civil penalties pursuant to Cal. Labor Code § 558 and other applicable provisions of the Cal. Labor Code and other applicable laws and regulations.

28.  As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, plus interest thereon, under Cal. Labor Code § 1194.

29.  By violating Cal. Labor Code § 510, Defendant is liable for attorneys' fees and costs under Cal. Labor Code § 1194.

WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**Failure To Pay Overtime Compensation**
**(Fair Labor Standards Act ("FLSA") – 29 U.S.C. §§ 207, 216)**

30.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 above, as though fully set forth herein.

31.  At all relevant times, Plaintiff was "engaged in commerce" and/or "employed by an enterprise engaged in commerce" within the meaning of the FLSA. At all times relevant to this cause of action, Defendant was acting as Plaintiff's employer within the meaning of FLSA - 29 U.S.C. § 203(d).

32.  Defendant routinely required Plaintiff to work more than eight hours per day. Defendant routinely required Plaintiff to work six days per week. Defendant willfully failed and refused to pay Plaintiff the overtime compensation required by the FLSA and other applicable

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT FOR DAMAGES                                          5

laws and regulations.

33. By its failure to pay overtime compensation to Plaintiff as alleged above, Defendant violated 29 U.S.C. § 207 and applicable regulations which require payment of overtime compensation to non-exempt employees.

34. By failing to keep adequate time records as required by the FLSA, Defendant made it difficult to calculate precisely the overtime compensation due to Plaintiff.

35. Plaintiff has been deprived of her rightfully earned and legally required overtime compensation as a direct and proximate result of Defendant's failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

36. Based on Defendant's conduct as alleged herein, Defendant is liable for liquidated damages pursuant to 29 U.S.C. § 216(b) and other applicable laws and regulations.

37. As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, plus interest thereon.

38. By violating 29 U.S.C. § 207, Defendant is liable for attorneys' fees and costs under 29 U.S.C. §216(b).

WHEREFORE, Plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION
### Failure To Pay Meal And Rest Period Compensation
### (Cal. Labor Code § 226.7)

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 above, as though fully set forth herein.

40. Defendant routinely failed and refused to provide Plaintiff with meal and rest periods during her work shifts, and failed and refused to compensate Plaintiff when she did work

during said meal and rest periods, as required by Cal. Labor Code § 226.7 and the other applicable laws and regulations.

41. Plaintiff has been deprived of her rightfully earned compensation for meal and rest periods as a direct and proximate result of Defendant's failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs, plus statutory and civil penalties pursuant to Cal. Labor Code § 558 and the other applicable laws and regulations.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FIFTH CAUSE OF ACTION
### Failure To Furnish Accurate Wage Statements
### (Cal. Labor Code §§ 226 & 226.3)

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 above, as though fully set forth herein.

43. California Labor Code § 226(a) requires employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee. California Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each subsequent violation, up to $4,000.

44. Defendant knowingly and intentionally failed to furnish Plaintiff with timely, itemized statements showing the total hours worked, as required by Cal. Labor Code § 226(a). As a result, Plaintiff incurred injury, including but not limited to the ability to accurately calculate overtime owed. Therefore, Defendant is liable to Plaintiff for her actual damages or the amounts provided by Cal. Labor Code § 226(b).

1   45.   By violating Cal. Labor Code § 226, Defendant is also liable for civil penalties and attorneys' fees and costs under Cal. Labor Code §§ 226(e) and 226.3.

WHEREFORE, Plaintiff prays for relief as set forth below.

### SIXTH CAUSE OF ACTION
**Failure To Maintain Payroll Records**
**(Cal. Labor Code §§ 226, 1174 and 1174.5)**

46.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 above, as though fully set forth herein.

47.   Defendant failed to maintain complete and accurate payroll records for Plaintiff, showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing her, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked by Plaintiff at each hourly rate.

48.   Defendant is liable for statutory and civil penalties pursuant to Cal. Labor Code §§ 1174.5, 558 and other applicable laws and regulations.

### SEVENTH CAUSE OF ACTION
**Failure To Pay Wages On Termination**
**(Cal. Labor Code § 201)**

49.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 above, as though fully set forth herein.

50.   Pursuant to Cal. Labor Code § 201, Defendant was required to promptly pay Plaintiff all wages due and owing to her upon her termination. As set forth above, Defendant willfully refused to pay Plaintiff all of the compensation that was due to her following the termination of her employment. Defendant thereby violated Cal. Labor Code § 201.

51.   By violating Cal. Labor Code § 201, Defendant is liable in full for all wages due and owing to Plaintiff, plus interest thereon, and for attorneys' fees and costs under Cal. Labor Code § 218.5.

WHEREFORE, Plaintiff prays for relief as set forth below.

///

## EIGHTH CAUSE OF ACTION
**Waiting Time Penalties**
**(Cal. Labor Code §§ 201 & 203)**

52. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 above, as though fully set forth herein.

53. California Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

54. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201, then the employer is liable for waiting time penalties in the form of continued compensation for up to 30 work days.

55. Defendant willfully failed and refused to timely pay commissions to Plaintiff following her termination. As a result, Defendant is liable to Plaintiff for waiting time penalties, together with attorneys' fees and costs, under Cal. Labor Code § 203.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## NINTH CAUSE OF ACTION
**Retaliation**
**(Cal. Labor Code § 1102.5)**

56. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 above, as though fully set forth herein.

57. California Labor Code § 1102.5 prohibits employers from discharging, constructively discharging, retaliating or in any manner discriminating against any employee for disclosing information to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

58. Defendant's conduct as alleged above in paragraphs 14 and 17 constituted unlawful retaliation in violation of California Labor Code § 1102.5. Defendant retaliated against Plaintiff on account of her objections to being required to falsely register meal and rest breaks and work unpaid overtime.

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT FOR DAMAGES                                    9

59. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income, health benefits and other benefits. Further, Plaintiff has suffered emotional distress and other general damages.

60. In doing the things alleged herein, Defendant's conduct was despicable, and Defendant acted toward Plaintiff with malice, oppression, fraud, and with a willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### TENTH CAUSE OF ACTION
**Unfair Competition**
**(Cal. Bus. & Prof. Code §§ 17200-17209)**

61. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 60 above, as though fully set forth herein.

62. Defendant's failure to pay accrued vacation and wages, as alleged above, constitute unlawful activities prohibited by California Business & Professions Code § 17200.

63. As a result of its unlawful acts, Defendant has reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiff.

64. Plaintiff seeks and is entitled to, as restitution, wages and vacation pay that she earned during the four years prior to the filing of this action, but which Defendant failed to pay. She is entitled to restitution of all unused vacation and other PTO that was accrued while employed in California but was not paid at time of termination.

65. Plaintiff is also entitled to enforce all applicable penalty provisions of the Cal. Labor Code pursuant to Business & Professions Code § 17202.

66. Plaintiff has assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action that is in the public interest. Therefore, attorneys' fees are appropriate under Code of Civil Procedure § 1021.5.

WHEREFORE, Plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

1. For compensatory damages;
2. For back pay—including overtime compensation, and interest thereon, according to proof;
3. For liquidated damages under 29 U.S.C. § 216;
4. For wage statement violation penalties under Cal. Labor Code §§ 226 and 226.3;
5. For waiting time penalties under Cal. Labor Code § 203;
6. For restitution pursuant to Cal. Business and Professions Code §§ 17200-17205;
7. For penalties pursuant to Cal. Business & Professions Code § 17202;
8. For emotional distress damages;
9. For punitive damages;
10. For an award of interest, including prejudgment interest, at the legal rate;
11. For an award of attorneys' fees;
12. For costs of suit incurred;
13. For such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

DATED: March 24, 2016    MCGUINN, HILLSMAN & PALEFSKY
Attorneys for Plaintiff DANIELLE KESTERSON

By:  /s/ Jeannette A. Vaccaro
     JEANNETTE A. VACCARO

McGuinn, Hillsman
& Palefsky
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

SECOND AMENDED COMPLAINT FOR DAMAGES                                    11